UNITED STATES BANKRUPTCY COURT     Return Date: January 27, 2010
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In Re:                                                  Case No. 08-23598
Kevin Lynch & Denise Casey Lynch
Chapter 11
      Debtor
------------------------------X

## NOTICE OF HEARING TO APPROVE DEBTORS' DISCLOSURE STATEMENT AND PLAN

**TO ALL PARTIES:**

**PLEASE TAKE NOTICE** upon the affidavit of Kevin Lynch & Denise Casey Lynch will move pursuant to Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c)

| | |
|---|---|
| JUDGE: | Hon. Robert D. Drain |
| RETURN DATE AND TIME: | January 27, 2010 10:00 am |
| PLACE: | United States Bankruptcy Court<br>300 Quarropas St.<br>White Plains, NY 10601 |
| RELIEF REQUESTED: | To approve Debtors Disclosure Statement and Plan |
| BASIS FOR RELIEF REQUESTED: | 105(a) and 1015(c) |

DATED: November 10, 2009
      Spring Valley, NY

                                                   /s/ Joshua N. Bleichman
                                                   Joshua N. Bleichman
                                                   Attorneys for Debtor
                                                   268 ROUTE 59
                                                   Spring Valley, NY   10977
                                                   (845) 425-2510

UNITED STATES BANKRUPTCY COURT        Return Date: January 27, 2010
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In Re:                                    Case No. 08-23598
Kevin Lynch & Denise Casey Lynch
Chapter 11
          Debtor
---------------------------------X

## NOTICE OF HEARING TO APPROVE DEBTORS DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE** that the following is currently scheduled to be heard on **Wednesday January 20, 2010, at 10:00 am**, before the Honorable Judge Robert D Drain United States Bankruptcy Court, One Bowling Green, Courtroom 610, New York, New York:

> DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF KEVIN AND DENISE CASEY LYNCH., *ET AL*, DEBTORS ("the Disclosure Statement"); (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE JOINT PLAN OF REORGANIZATION OF KEVIN AND DENISE CASEY LYNCH DEBTORS ("the plan") (III) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THEREOF; (V) ESTABLISHING DEADLINE FIR FILLING OBJECTION TO THE JOIN PLAN OF REORGANIZATION OF KEVIN AND DENISE CASEY LYNCH DEBTORS; AND (VI) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION OF KEVIN AND DENISE CASEY LYNCH., DEBTORS (the "Disclosure Statement Motion").

Pursuant to the Order *Pursuant to Section 105 (a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) establishing Certain Notice and Case Management Procedures*, objections to the Disclosure Statement Motion must be filed with the Bankruptcy Court By **Wednesday January 20, 2010, at 10:00 am**

Copies of the Disclosure Statement Motion, the Disclosure Statement, the Plan, and the proposed order approving the Disclosure Statement can be obtained by contacting Joshua N. Bleichman, 268 Route 59 West, Spring Valley, NY 10977, or by calling 845-425-2510.

Dated November 10, 2009                      Respectfully Submitted,
Spring Valley, NY

                                             /s/ Joshua N. Bleichman
                                             Joshua N. Bleichman
                                             Attorney for Debtors
                                             268 Route 59 West
                                             Spring Valley, NY 10977

(845)425-2510

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------x
IN RE:                                              Index No. 08-23821
Kevin Lynch & Denise Casey Lynch                    Chapter 11
_____x

**Order**

Upon application of the debtors to approve Debtors Disclosure Statement and plan after a hearing on January 27, 2010, and there being no objection

It is hereby ordered:

The motion is granted;

Dated January __, 2009

_____
Hon. Robert D. Drain
Bankruptcy Judge

CERTIFICATE OF SERVICE

STATE OF NEW YORK
COUNTY OF ROCKLAND

I, Joshua N. Bleichman, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the within Disclosure Statement Motion, the Disclosure Statement, and the Plan on November 10, 2009 by depositing a true copy thereof by ECF or a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

Tammy Terrell
Attorney for Indy Mac
747 Chestnut Ridge Rd
Ste 200
Chestnut Ridge, NY 10977

Martin Mooney
Attorneys for GMAC
Office and P.O. Address
8 Thurlow Terrace
Albany, New York 12203

Peter G. Vigue President
c/o TD Bank North
1701 Route 70 East
Cherry Hill, NJ 08034

A. Albert Buonamici
Attorney for JP Morgan Chase
222 Bloomingdale Road
Suite 301
White Plains, New York 10605

Andrew B. Helfand, Esq
Attorney for Wachovia Bank
60 East 42nd Street, Suite 1048
New York, NY 10901

United States Trustee by ECF
33 Whitehall Street
21st Floor
New York, NY 10004

GE Consumer Finance
PO Box 960061
Orlando, FL 32896

RBS Citizens NA Charter One Bank NA
10561 Telegraph Rd
Glen Allen, VA 23059

Capital One Bank
c/o TSYS Debt Management
PO Box 5155
Norcross, GA 30091

Cach, LLC
4340 s. Monaco St 2nd Floor
Denver, CO 80237

Internal Revenue Service
Insolvency Section
PO Box 21126
Philadelphia, PA 19114

Specialized Loan Servicing, LLC
8742 Lucent Blvd Suite 300
Highlands Ranch, CO 80129

First Equity Card
c/o Creditors Bankruptcy Service
PO Box 740933
Dallas, TX 75374

Lucy Rizzo
1 Amando Court
Suffern, NY 10901

Chase Bank USA
c/o Weinstein and Riley, PS
2001 Western Ave Ste 400
Seattle, WA 98121

Mld Mortgage, Inc
c/o Countrywide Home Loans Servicing
2270 Lakeside Blvd. Mail Stop RLS-4
Richardson, TX 75082

Wachovia Dealer Services
PO Box 19657
Irvine, CA 92623

Bank of America
1000 Samoset Dr
DE5-023-03-03
Newark, DE 19713

Recovery Management Systems Corp
25 SE 2nd Ave Ste 1120
Miami, FL 33131

Citibank
Exception Payment Processing
PO Box 6305
The lakes, NV 88901

Beverly Maulfair
Greenwood Lake Home Center
PO Box 14
Greenwood Lake, NY 10925

RBS Citizens
Buchanan, Ingersoll, &Rooney, PC
Key Ctr. at Fountain Plaza, Ste 1230
Buffalo, NY 14202

/s/ Joshua N. Bleichman
Joshua N. Bleichman

UNITED STATES BANKRUPTCY COURT     Return Date: January 27, 2010
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

In re:

Kevin and Denise Casey Lynch            Chapter 11
                                                    Case No. 08-23598

                   Debtor
------------------------------------------------x

## DISCLOSURE STATEMENT IN RESPECT
## TO DEBTORS CHAPTER 11 PLAN OF REORGANIZATION
## DATED November 10, 2009

Kevin and Denise Casey Lynch (the "debtors") hereby provided this Third Amended Disclosure statement pursuant to Section 1125 of title 11 of the United States Code, 11 U.S.C. 101 (the "Bankruptcy Code") in connection with the solicitation of acceptances to the Debtor's Amended Chapter 11 Pan of Reorganization ( the "Plan").

## INTRODUCTION

On October 31, 2008 Kevin and Denise Casey Lynch filed a voluntary petition for reorganization under Chapter 11 of title 11 of the United States Bankruptcy code with the United States Bankruptcy court for the Southern District of New York. On September 25, 2009, the debtor filed with the court its amended proposed chapter 11 plan of reorganization. The plan sets forth the debtors proposed settlement with its creditors

The purpose of the Disclosure Statement is to inform all such holders of Class 2 of information that may be deemed material, important, and necessary in order for said parties to make an informed judgment about the Plan, and to arrive at an informed decision in exercising their right to vote for acceptance or rejection of the plan, the

approval by the Court of this disclosure statement does not constitute a recommendation as to the merits of the plan, only that the Disclosure statement contains "adequate information" from which creditors and Equity Interest Holders may form an opinion as to the merits of the Plan.

## REPRESENTATION AND SCOPE OF THIS DISCLOSURE STATEMENT

The Debtor in consultation with the Debtor's attorney, Joshua N. Bleichman, has prepared this Disclosure Statement. The source of information utilized to prepare the Disclosure Statement is the debtor personal books and records information filed with the Court during the Chapter 11 case. While the information contained herein is not subject to audit, great effort has been made to be as accurate as possible. Indeed, the Debtor believes that this Disclosure statement contains the most current information available regarding the Debtors current financial and legal condition. The disclosure statement is intended to provide creditors with information that may be material important and necessary for them to make an informal judgment about the Plan.

Approval by the Bankruptcy Court of the adequacy of the information contained in the Disclosure Statement does not constitute a recommendation by the Court as to the merits of the plan. The bankruptcy court renders no opinion as to whether creditors should accept or reject the Plan.

No representations concerning the Debtor, his future business operations or the value of specific assets are authorized other then set forth in this Disclosure Statement. You should not rely upon any inducements or representations made to secure your acceptance other then the information contained in this Disclosure Statement

NO REPRESENTATION CONCERNING THE DEBTOR (PARTICULARLY AS TO THE DEBTOR'S BUSINESS OPERATIONS OR VALUE OF PROPERTY) ARE AUTHORIZED BY THE DEBTOR OTHER THAN SET FORTH ON THIS STATEMENT ANY REPRESENTATION OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THEN CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON ARRIVING AT YOUR DECISION AND SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR JOSHUA N BLEICHMAN 286 ROUTE 59 WEST, SPRING VALLEY, NEW YORK 10977 WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION DEEMED APPROPRIATE

## GENERAL BACKGROUND

The debtor's entered into the residential housing construction business in 2004. One of the first projects purchased was 83, 84, 85, Sterling Road, Greenwood Lake, NY that consisted of two vacant lots and a third lot with an existing building. Building permits and construction commenced on two of the lots and were sold at losses. The remaining 85 Sterling Road had an existing building and could not be sold. It is currently being rented for $2,500.00 per week during the vacation season (six months) the remaining six months the house is rented on a weekend basis. The value at the time of filing is $432,000.00 see attached appraisal hereto as Exhibit "A" there is an existing first mortgage in the amount of $561,843.32 there is an existing second mortgage in the amount of $82,637.49 which has been reclassified as unsecured. The second project was 62 Sterling Road, Greenwood Lake, NY. It was renovated into a bed and breakfast

establishment however, the business lost money annually. The property was sold at a loss before filing bankruptcy. The debtor's home is located at 145 West Main Street, Stony Point, NY. The value of the home as of the time of filing is $484,000.00 see attached appraisal hereto as exhibit "B." There is an existing first mortgage on the home in the approximate amount of $502,000.00. There is a second mortgage with Specialized Loan Servicing in the approximate amount of $212,000.00, which as been reclassified as unsecured. The debtors own a 50% interest in 30 Knapp Road, Stony Point, NY. It is a single family resident. The value as of the time of filing is $330, 00.00. There is an existing mortgage on the home in the approximate amount of $328, 00.00. The debtors share of net loss of approximately $7,200.00 annually. The debtor Kevin Lynch operates a tax service and nets $48, 000.00 annually. The debtor Kevin Lynch operates a health, life, and disability business which nets $26,000.00 annually. The debtor Denis Casey Lynch is a public school teacher and nest $73,840.00, which pays the household expenses of the debtors. The debtors are individual since 1992, the debtor has been in the business of Insurance Sales/Real Estate Development. NY Services Inc., which Mr. Lynch is 100% shareholder is in the business of Group Health Insurance Sales to medical and Dental groups. The Lynch's were also involved in Real Estate Development and rental properties. The debtors purchased four properties for rehabilitation and sale the market significantly changed and the value of the property decreased. The debtors utilized existing credit lines, and personal savings to develop the properties. The debtors could no longer make minimum payments and sought bankruptcy protection.

## SUMMARY OF PLAN OF REORGANIZATION

The plan is based on the Debtor's belief that they will continue to have income from wages, business income from cash flow operations, rental income, and future income. The summary of debts and property setting forth the Debtors assets and liabilities is annexed hereto as Exhibit "C."

The following is a brief summary of the plan. Creditors are urged to read the Plan in full. Creditors are further urged to consult with counsel or with each other in order to fully understand the Plan and exhibits attached to it. The Plan is complex inasmuch as it represents a proposed legally binding agreement by the Debtor with its creditors.

The Plan contains 2 classes of Claim holders as well as unclassified claims such as Administrative claims fees due to United States Trustee and Tax Claims.

### Unclassified Claims

1. Administrative Claims

Each holder of an Allowed Administrative Claim other than current payables shall be paid in full on the effective date or upon such other terms that may be agreed upon by the holders of such claims and debtor. This class consists of all professional fees of the debtors counsel. Current payables will be paid in the ordinary course of business according to the terms established between the Debtor and such creditors see monthly operating reports attached hereto as Exhibit "D."

2. Statutory Claims

All outstanding fees due to the United States Trustee pursuant to 11 U.S.C. 1930(a)(6) will be paid on the Effective Date. The Debtor will continue to pay the United States Trustee fees until entry of a final decree.

3. Tax Claims

Tax Claims consist of governmental units entitled to priority treatment to wit: the Internal Revenue Service has filed a claim number 7 in the amount of $5,327.83 this claim is being objected to as the Debtors believe they do not owe this amount.

**Classified Claims**

1. Secured Creditor- Class 1

The creditors in Class 1 are as follows:

Citizens Bank (claim # 3) in the amount of $ 546,268.27 the debtor is current in its payments to citizens bank and will continue to pay Citizens Bank in accordance with the loan agreement.

Indy Mac (claim # 17) in the amount of $ 561,843.32 the debtor is current in its payments to Indy Mac and will continue to pay Indy Mac at 4% for 26 years.

Wachovia Dealer Service (claim # 18) in the amount of $ 29,619.56 the debtor is current in its payments Wachovia Dealer Service and will continue to pay Wachovia Dealer Service in accordance with the loan agreement.

Countrywide Home Loans (claim # 16) in the amount of $ 330,059.53 the debtor is current in its payments Countrywide Home Loans and will continue to pay Countrywide Home Loans in accordance with the loan agreement.

The claim for GMAC (claim # 6) in the amount of $ 11,261.95 the debtor has surrendered this vehicle in full satisfaction of the claim.

The claim for Wachovia Bank (claim # 8) in the amount of $ 11,261.95 the debtor has surrendered this vehicle in full satisfaction of the claim.

The claim of JP Morgan Chase will be objected to as the debtor believes he does not this money.

2. Unsecured Creditors Class 2

The creditors in class 2 consist of general unsecured creditors whose claims total approximately $465,332.27.

GE Consumer Finance FOR Kintico/GEMB Claim # 1
GE Consumer Finance for Mohawk/GEMB Claim # 2
Capital One Claim # 4
Cach, LLC Claim # 5
First Equity Card Claim #10
Lucy Rizzo Claim # 11
Roundup Funding Claim # 12, 13, 14, 15
Bank of America claim # 19
Old Navy claim # 20
Wal Mart claim # 21
JC Penney Rewards claim # 22
Citibank claim # 23
Beverly Maulfair claim # 25
Specialized Loan Servicing Claim # 9
Indy Mac Claim # 26
RBS Citizens Claim # 27
Verizon claim # 28

These creditors will receive a percentage of each claim paid over sixty months using the net income after expenses as shown on the projection attached hereto as Exhibit "E." it is estimated the class 2 creditors will receive approximately 5% of their allowed claims.

This class is impaired under the Plan within meaning of 11 U.S.C. 1124, because members of this Class are receiving in settlement of their allowed claims, a sum less than they, and each of them, would have been entitled to receive pursuant to their legal, equitable contractual rights as a holder of such claim, absent the filing of the bankruptcy petition and plan.

With certain exceptions, one of the requirements for confirmation is that a plan provide any payments to a junior class unless all superior classes are paid in full. Since general unsecured creditors are superior to equity interest holders, equity interest holders may not retain their interest unless of three situations occur:

1. The plan provides for full payment to general unsecured creditors;

2. The class of unsecured creditors waive their rights by consenting to the plan a proposed.

3. If the unsecured creditors vote as a class to accept a plan which provides for than full payment to them while permitting stockholders to retain their interest, their acceptance constitutes the waiver referred to in item 2 above.

The plan proposes to pay unsecured creditors less than full payment. In order for the Plan to be confirmed more than one-half in number and two thirds in dollar amount of unsecured creditors must vote in favor of the Plan. If the requisite number of votes is not received the plan is rejected.

Unsecured creditors may elect not to waive these rights by rejecting the Plan. This may result in the filing of an amended plan by the proponent, which may treat unsecured creditors differently, or may result in liquidation of the Debtor. Unsecured creditors may also be able to offer their own plan. New plans are subject to a new vote. Since they may

result in a liquidation of the Debtor, creditors should carefully review this disclosure statement in order to determine what action may be in their best interest

## **REQUIREMENTS FOR CONFIRMATION OF THE PLAN**

At the confirmation hearing, the court will determine whether the provisions of Section 1129 of the code have been satisfied. If all provisions of Section 1129 are met, the Court may enter an order confirming the Plan. The Debtor believes that all requirements of section 1129 will be satisfied

Section 1129, as applicable here, provides as follows:

1. The plan must comply with the applicable provisions of the Code, including section 1123 which specifics mandatory contents of the plan and section 1122 which requires that claims and interest be placed in classes with "substantially similar: claims and interests (Section 1129 (a)(1).

2. The Debtor must comply with the applicable provisions of the Code (Section 1129 (a) (2)).

3. The plan must have been proposed in good faith and not by any means forbidden by law (Section 1129(a)(3)).

4. Any payment made or to be made by the Debtor or its successor, for services or for costs and expenses in or connection with the case, or in connection with the plan and incident to the case, must be disclosed to the Court and approved or subject to the approval of the court as reasonable (Section 1129(a)(4)).

5. The debtor must disclose the identity and affiliations of any individual proposed to serve after confirmation of the plan as director officer or voting trustee of the

Debtor, of an affiliate of the debtor participating in the plan with the debtor or of a successor to the Debtor under the plan. The appointment to, or continuance in such office of such individual l must be consistent with the interests of the Debtor's creditors, equity holders, and public policy. The debtor must also disclose the identity of any insider that will e employed or retained by the Debtor or its successor under the plan and the nature of any compensation for such insider (Section 1129(a)(5)).

6. any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtor has approved any rate change provided for in the plan, pr such rate change is expressly conditioned on such approval (Section 1129(a)(6)).

7. The plan must meet the "best interest of the creditors" test which requires that each holder of a claim or interest or a class of claims or interests that is impaired under a plan either accept the plan or receive or retain under the plan an account of such claim pr interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated on such date under Chapter 7 of the code. If the holders of a class of secured claims made an election under section 1111(b) of the Code, each holder of a claim in such electing class must receive or retain under the plan on account of it \s claim, property of value, as of the effective date of the plan, that is not less than the value of interest in the debtors interest in the property that secures the claim (Section 1129(a)(7)). To calculate what non-accepting holders would receive if the Debtor was liquidated under chapter 7, the court must determine the dollar amount that would be generated upon disposition of the Debtor's assets and reduce such amount by the costs of liquidation. Such costs would

include the fees of a trustee (as well as those of counsel and other professionals) and all expenses of sale

8. Each class of claims or interest must either accept the plan or not be impaired under the plan. (Section 1129(a)(8)) Alternatively, as discussed hereafter the plan may be confirmed over the dissent of a class of claims or interests if the "cramdown" requirements of Section 1129(a)(9)).

9. At least one impaired class must accept the plan, determined without including the acceptance of the plan by any insider holding a claim in such class (Section 1129(a)(10)).

10. The plan must be "feasible." In other words, it cannot be likely that confirmation of a plan will be followed by the liquidation, or the need for further financial reorganization, of the Debtor or of any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan (Section 1129(a)(11)).

11 All fees required to be paid under the Bankruptcy Code have been paid or the plan provides for such payment on it s effective date (Section 1129(a)(12))

12. the plan provides for the continuation after its effective date of payment of all retiree benefits at the level established pursuant to Section 1114 (e)(a)(B) or (g) of the code, at any time prior to confirmation of the plan, for the duration of the period the debtor is obligated to provide such benefits.

The Debtor believes that the plan satisfies all of the statutory requirements of Chapter 11 of the Code, that the Debtor has complied or will have complied with all of the requirements of Chapter 11, and that the proposal of the Plan is made in good faith.

The Debtor believes that the holder of each of the Claims Impaired under the plan will receive on the effective date cash payments in an amount not less that the amount likely to be received if the Debtor was liquidated in a case under chapter 7 of the Code At the confirmation hearing, the Court will determine whether the holder of the Impaired Claims will receive distributions under the Plan which are equal to or greater that the distributions such holder would receive if the Debtor were liquidated under chapter 7 of the Code.

If the creditor does not believe that, the Plan satisfies all of the requirements of Section 1129 of the Code it should consult with counsel.

Respectfully submitted,

Date November 10, 2009 Signature /s/ Kevin Lynch
Kevin Lynch, Debtor

Date November 10, 2009 Signature /s/ Denise Casey
Denise Casey, Joint Debtor

By: /s/ Joshua N. Bleichman
Joshua N. Bleichman, Attorney for the Debtors