| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>------------------------------x<br>In Re:<br>KEVIN LYNCH & DENISE CASEY LYNCH.<br>       Debtor<br>------------------------------X | Return Date: April 8, 2010<br><br>Case No. 08-23598<br><br>Chapter 11 |

FOURTH PLAN OF REORGANIZATION, DATED March 16, 2010

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of KEVIN LYNCH & DENISE CASEY LYNCH (the "Debtors") from wages and business income from, cash flow from operations, and future income.

This Plan provides for two classes of secured claims; one class of unsecured claims; and one class of priority claims. There are no equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately .05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims which includes counsel to the debtor, quarterly fees to the United States Trustee and tax claims for the United States Treasury and the New York State Department of Taxation and Finance.

A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors is circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. The claims of secured creditors, which have a security interest in the debtors primary residence to the extent allowed as a secured claim under §506 of the Code shall be paid 100% for the arrears portion of the claim. Post-petition payments for the mortgage on the debtors' home will be paid outside the plan.

2.02 Class 2. All unsecured claims allowed under § 502 of the Code will be paid 5% of the unobjected to timely filled claim.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims will be paid 100% of the claim.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor will be paid 100% of the claim.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid will be paid 100% of its claim consistent with § 1129(a)(9)(C) of the Code.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1 – Secured Claim of Creditors Holding a security interest in the debtors primary residence will be paid 100% of the unobjected to arrears portion of the claim. The Claim is unimpaired. Post Petition payments will be paid outside the plan. Distribution shall be over 60 months.

Class 3 - Secured Claims of Creditors Holding a security interest in property which is not the debtors primary residence will be paid 100% value of the collateral as of the filing date the Claim is impaired. Post Petition payments will be paid outside the plan, provided the total unpaid balance of the claim is not more that the fair market value as of the date of filing. Distribution shall be over 60 months. Any arrears may be paid through the plan provided the total amount of the principal balance does not exceed the value of arrears exist or unsecured claim they will be paid through the plan. A hearing may be required to establish the value of the property securing the claim. The unsecured portion of the claim will be paid as a

Class 4 - General Unsecured Creditors

All claimants in this class are impaired as payment in this class will be a percentage of the amount of the claim paid over sixty months directly to each claimant provided the claim is timely filed and not objected to; if objected to, then after a Court Order determining the amount of the claim, if any.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been timely filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such

claim as disputed, contingent, or unliquidated or (iii) the claim is beyond the statute of limitations.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases. N/A

## ARTICLE VII
## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101, 102 and 506 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: The Debtor is a Debtor in Possession and shall have the same rights as a Trustee pursuant to the Code.

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. However, if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York shall govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure after the Court makes a final determination of non-dischargeability or dischargeability.

Respectfully submitted,

Date March 16, 2010 Signature /s/ Kevin Lynch
Kevin Lynch, Debtor

Date March 16, 2010 Signature /s/ Denise Casey Lynch
Denise Casey Lynch, Joint Debtor


By: /s/ Joshua N. Bleichman
Joshua N. Bleichman, Attorney for the Debtors