**UNITED STATES BANKRUPTCY COURT**    Return Date: April 8, 2010
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

In re:

Kevin and Denise Casey Lynch    Chapter 11
    Case No. 08-23598

    Debtor
------------------------------------------------x

## AMENDED DISCLOSURE STATEMENT IN RESPECT
## TO DEBTORS CHAPTER 11 PLAN OF REORGANIZATION
## DATED March 16, 2010

Kevin and Denise Casey Lynch (the "debtors") hereby provided this Fourth Amended

Disclosure statement pursuant to Section 1125 of title 11 of the United States Code, 11

U.S.C. 101. (the "Bankruptcy Code") in connection with the solicitation of acceptances to

the Debtor's Amended Chapter 11 Pan of Reorganization ( the "Plan").


## INTRODUCTION

On October 31, 2008 Kevin and Denise Casey Lynch filed a voluntary petition for

reorganization under Chapter 11 of title 11 of the United States Bankruptcy code with the

United States Bankruptcy court for the Southern District of New York. On March 10,

2010, the debtor filed with the court its amended proposed Chapter 11 plan of

reorganization. The plan sets forth the debtors proposed settlement with its creditors

The purpose of the Disclosure Statement is to inform all such holders of Class 2 of

information that may be deemed material, important, and necessary in order for said

parties to make an informed judgment about the Plan, and to arrive at an informed

decision in exercising their right to vote for acceptance or rejection of the plan,. The

approval by the Court of this disclosure statement does not constitute a recommendation as to the merits of the plan, only that the Disclosure statement contains "adequate information" from which creditors and Equity Interest Holders may form an opinion as to the merits of the Plan.

## REPRESENTATION AND SCOPE OF THIS DISCLOSURE STATEMENT

The Debtor in consultation with the Debtor's attorney, Joshua N. Bleichman, has prepared this Disclosure Statement. The source of information utilized to prepare the Disclosure Statement is the debtor personal books and records information filed with the Court during the Chapter 11 case. While the information contained herein is not subject to audit, great effort has been made to be as accurate as possible. Indeed, the Debtor believes that this Disclosure statement contains the most current information available regarding the Debtors current financial and legal condition. The Disclosure statement is intended to provide creditors with information that may be material important and necessary for them to make an informal judgment about the Plan. Approval by the Bankruptcy Court of the adequacy of the information contained in the Disclosure Statement does not constitute a recommendation by the Court as to the merits of the plan. The bankruptcy court renders no opinion as to whether creditors should accept or reject the Plan.

No representations concerning the Debtor, his future business operations or the value of specific assets are authorized other then set forth in this Disclosure Statement. You should not rely upon any inducements or representations made to secure your acceptance other then the information contained in this Disclosure Statement

NO REPRESENTATION CONCERNING THE DEBTOR (PARTICULARLY AS TO THE DEBTOR'S BUSINESS OPERATIONS OR VALUE OF PROPERTY) ARE AUTHORIZED BY THE DEBTOR OTHER THAN SET FORTH ON THIS STATEMENT ANY REPRESENTATION OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THEN CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON ARRIVING AT YOUR DECISION AND SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR JOSHUA N BLEICHMAN 286 ROUTE 59 WEST, SPRING VALLEY, NEW YORK 10977 WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION DEEMED APPROPRIATE.

## GENERAL BACKGROUND

The debtor's entered into the residential housing construction business in 2004. One of the first projects purchased was 83, 84, and 85, Sterling Road, Greenwood Lake, NY that consisted of two vacant lots and a third lot with an existing building. Building permits and construction commenced on two of the lots and were sold at losses. The remaining property at 85 Sterling Road, had an existing building and could not be sold. It is currently being rented for $2,500.00 per week during the vacation season (six months) the remaining six months the house is rented on a weekend basis. The debtors make about $56,000.00 annually on this property. The value at the time of filing is $432,000.00 see attached appraisal hereto as Exhibit "A" there is an existing first mortgage in the amount of $561,843.32 there is an existing second mortgage in the amount of $82,637.49 which has been reclassified as unsecured. The second project was 62 Sterling Road, Greenwood

Lake, NY. It was renovated into a bed and breakfast establishment however, the business lost money annually. The property was sold at a loss before filing bankruptcy. The debtor's home is located at 145 West Main Street, Stony Point, NY. The value of the home as of the time of filing is $484,000.00 see attached appraisal hereto as Exhibit "B." There is an existing first mortgage on the home in the approximate amount of $502,000.00. There is a second mortgage with Specialized Loan Servicing in the approximate amount of $212,000.00, which as been reclassified as unsecured. The debtors own a 50% interest in 30 Knapp Road, Stony Point, NY. It is a single family resident. The value as of the time of filing is $330, 00.00. There is an existing mortgage on the home in the approximate amount of $328, 00.00. The debtors share of net loss of approximately $7,200.00 annually. They make $22,800.00 annually on the rent of the property. See attached Yearly Rent Roll hereto as Exhibit "C" The debtor Kevin Lynch operates a tax service and nets $54,000.00 annually. The debtor Kevin Lynch operates a health, life, and disability business which nets $26,000.00 annually. The debtor Denise Casey Lynch is a public school teacher and nest $73,840.00, which pays the household expenses of the debtors. See attached Liquidation Analysis hereto as Exhibit "F." The debtors are individuals since 1992, the debtor has been in the business of Insurance Sales/Real Estate Development. NY Services Inc., which Mr. Lynch is 100% shareholder is in the business of Group Health Insurance Sales to medical and Dental groups. The Lynch's were also involved in Real Estate Development and rental properties. The debtors purchased four properties for rehabilitation and sale the market significantly changed and the value of the property decreased. The debtors utilized existing credit lines, and personal savings to develop the properties. The debtors could no longer make

minimum payments and sought bankruptcy protection. See attached Letter from Debtor hereto as Exhibit "D" and see attached Schedule g hereto as Exhibit "G."

## SUMMARY OF PLAN OF REORGANIZATION

The plan is based on the Debtor's belief that they will continue to have income from wages, business income from cash flow operations, rental income, and future income. The summary of debts and property setting forth the Debtors see attached assets and liabilities hereto as Exhibit "E."

The following is a brief summary of the plan. Creditors are urged to read the Plan in full. Creditors are further urged to consult with counsel or with each other in order to fully understand the Plan and exhibits attached to it. The Plan is complex inasmuch as it represents a proposed legally binding agreement by the Debtor with its creditors.

The Plan contains 2 classes of Claim holders as well as unclassified claims such as Administrative claims fees due to United States Trustee and Tax Claims.

## Unclassified Claims

1. Administrative Claims

Each holder of an Allowed Administrative Claim other than current payables shall be paid in full on the effective date or upon such other terms that may be agreed upon by the holders of such claims and debtor. This class consists of all professional fees of the debtors counsel. Current payables will be paid in the ordinary course of business according to the terms established between the Debtor and such creditors see attached monthly operating reports hereto as Exhibit "H."

**2.** Statutory Claims

All outstanding fees due to the United States Trustee pursuant to 11 U.S.C. 1930(a)(6) will be paid on the Effective Date. The Debtor will continue to pay the United States Trustee fees until entry of a final decree. The debtors shall pay all fees due and payable under section 1930 of Title 28 on or before the Effective date. In addition, the debtors shall pay all United States Trustee quarterly fees due and payable on all disbursements, including plan payments and disbursements in and outside of the ordinary course of business, until the entry of a Final Decree, dismissal of the cases, or conversion of the case to a case under chapter 7.

3. Tax Claims

Tax Claims consist of governmental units entitled to priority treatment to wit:  the Internal Revenue Service has filed a claim number 7 in the amount of $5,327.83 this claim has been expunged as per the order dated January 5, 2010 see attached order hereto as Exhibit "I".

**Classified Claims**

1. Secured Creditor- Class 1

The creditors in Class 1 are as follows:

Citizens Bank (claim # 3) in the amount of $546,268.27 the debtor is current in its payments to Citizens Bank and will continue to pay Citizens Bank in accordance with the loan agreement.

Indy Mac (claim # 17) in the amount of $561,843.32 the debtor is current in its payments to Indy Mac and will continue to pay Indy Mac at 4% for 26 years. Debtor is currently seeking a loan modification on this mortgage.

Wachovia Dealer Service (claim # 18) in the amount of $ 29,619.56 the debtor is current in its payments Wachovia Dealer Service and will continue to pay Wachovia Dealer Service in accordance with the loan agreement.

Countrywide Home Loans (claim # 16) in the amount of $ 330,059.53 the debtor is current in its payments Countrywide Home Loans and will continue to pay Countrywide Home Loans in accordance with the loan agreement.

The claim for GMAC (claim # 6) in the amount of $ 11,261.95 the debtor has surrendered this vehicle in full satisfaction of the claim.

The claim for Wachovia Bank (claim # 8) in the amount of $ 11,261.95 the debtor has surrendered this vehicle in full satisfaction of the claim.

The claim of JP Morgan Chase will be objected to as the debtor believes he does not this money.


2. Unsecured Creditors Class 2

The creditors in class 2 consist of general unsecured creditors whose claims total approximately $465,332.27.

GE Consumer Finance FOR Kintico/GEMB Claim # 1
GE Consumer Finance for Mohawk/GEMB Claim # 2
Capital One Claim # 4
Cach, LLC Claim # 5
First Equity Card Claim #10
Lucy Rizzo Claim # 11
Roundup Funding Claim # 12, 13, 14, 15
Bank of America claim # 19
Old Navy claim # 20
Wal Mart claim # 21
JC Penney Rewards claim # 22
Citibank claim # 23

Beverly Maulfair claim # 25
Specialized Loan Servicing Claim # 9
Indy Mac Claim # 26
RBS Citizens Claim # 27
Verizon claim # 28

These creditors will receive a percentage of each claim paid over sixty months using the net income after expenses as shown on the projection attached hereto as Exhibit "E." it is estimated the class 2 creditors will receive approximately 5% of their allowed claims. This class is impaired under the Plan within meaning of 11 U.S.C. 1124, because members of this Class are receiving in settlement of their allowed claims, a sum less than they, and each of them, would have been entitled to receive pursuant to their legal, equitable contractual rights as a holder of such claim, absent the filing of the bankruptcy petition and plan.

With certain exceptions, one of the requirements for confirmation is that a plan provide any payments to a junior class unless all superior classes are paid in full. Since general unsecured creditors are superior to equity interest holders, equity interest holders may not retain their interest unless of three situations occur:

1. The plan provides for full payment to general unsecured creditors;

2. The class of unsecured creditors waive their rights by consenting to the plan a proposed.

3. If the unsecured creditors vote as a class to accept a plan, which provides for than full payment to them while permitting stockholders to retain their interest, their acceptance constitutes the waiver referred to in item 2 above.

The plan proposes to pay unsecured creditors less than full payment. In order for the Plan to be confirmed more than one-half in number and two thirds in dollar amount of

unsecured creditors must vote in favor of the Plan. If the requisite number of votes is not received the plan is rejected.

Unsecured creditors may elect not to waive these rights by rejecting the Plan. This may result in the filing of an amended plan by the proponent, which may treat unsecured creditors differently, or may result in liquidation of the Debtor. Unsecured creditors may also be able to offer their own plan. New plans are subject to a new vote. Since they may result in a liquidation of the Debtor, creditors should carefully review this disclosure statement in order to determine what action may be in their best interest

## REQUIREMENTS FOR CONFIRMATION OF THE PLAN

At the confirmation hearing, the court will determine whether the provisions of Section 1129 of the code have been satisfied. If all provisions of Section 1129 are met, the Court may enter an order confirming the Plan. The Debtor believes that all requirements of section 1129 will be satisfied.

Section 1129, as applicable here, provides as follows:

1. The plan must comply with the applicable provisions of the Code, including section 1123 which specifics mandatory contents of the plan and section 1122 which requires that claims and interest be placed in classes with "substantially similar: claims and interests (Section 1129 (a)(1).

2. The Debtor must comply with the applicable provisions of the Code (Section 1129 (a) (2)).

3. The plan must have been proposed in good faith and not by any means forbidden by law (Section 1129(a)(3)).

4. Any payment made or to be made by the Debtor or its successor, for services or for costs and expenses in or connection with the case, or in connection with the plan and incident to the case, must be disclosed to the Court and approved or subject to the approval of the court as reasonable (Section 1129(a)(4)).

5. The debtor must disclose the identity and affiliations of any individual proposed to serve after confirmation of the plan as director officer or voting trustee of the Debtor, of an affiliate of the debtor participating in the plan with the debtor or of a successor to the Debtor under the plan. The appointment to, or continuance in such office of such individual l must be consistent with the interests of the Debtor's creditors, equity holders, and public policy. The debtor must also disclose the identity of any insider that will e employed or retained by the Debtor or its successor under the plan and the nature of any compensation for such insider (Section 1129(a)(5)).

6. any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtor has approved any rate change provided for in the plan, pr such rate change is expressly conditioned on such approval (Section 1129(a)(6)).

7. The plan must meet the "best interest of the creditors" test which requires that each holder of a claim or interest or a class of claims or interests that is impaired under a plan either accept the plan or receive or retain under the plan an account of such claim pr interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated on such date under Chapter 7 of the code. If the holders of a class of secured claims made an election under section 1111(b) of the Code, each holder of a claim in such electing class must receive or retain under the plan on account of it \s claim, property of value, as of the

effective date of the plan, that is not less than the value of interest in the debtors interest in the property that secures the claim (Section 1129(a)(7)). To calculate what non-accepting holders would receive if the Debtor was liquidated under chapter 7, the court must determine the dollar amount that would be generated upon disposition of the Debtor's assets and reduce such amount by the costs of liquidation. Such costs would include the fees of a trustee (as well as those of counsel and other professionals) and all expenses of sale.

8. Each class of claims or interest must either accept the plan or not be impaired under the plan. (Section 1129(a)(8)). Alternatively, as discussed hereafter the plan may be confirmed over the dissent of a class of claims or interests if the "cramdown" requirements of Section 1129(a)(9)).

9. At least one impaired class must accept the plan, determined without including the acceptance of the plan by any insider holding a claim in such class (Section 1129(a)(10)).

10. The plan must be "feasible." In other words, it cannot be likely that confirmation of a plan will be followed by the liquidation, or the need for further financial reorganization, of the Debtor or of any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan (Section 1129(a)(11)).

11. All fees required to be paid under the Bankruptcy Code have been paid or the plan provides for such payment on it s effective date (Section 1129(a)(12))

12. the plan provides for the continuation after its effective date of payment of all retiree benefits at the level established pursuant to Section 1114 (e)(a)(B) or (g) of the

code, at any time prior to confirmation of the plan, for the duration of the period the debtor is obligated to provide such benefits.

The Debtor believes that the plan satisfies all of the statutory requirements of Chapter 11 of the Code, that the Debtor has complied or will have complied with all of the requirements of Chapter 11, and that the proposal of the Plan is made in good faith.

The Debtor believes that the holder of each of the Claims Impaired under the plan will receive on the effective date cash payments in an amount not less that the amount likely to be received if the Debtor was liquidated in a case under chapter 7 of the Code. At the will receive distributions under the Plan which are equal to or greater that the distributions such holder would receive if the Debtor were liquidated under chapter 7 of the Code.

If the creditor does not believe that, the Plan satisfies all of the requirements of Section 1129 of the Code it should consult with counsel.


Respectfully submitted,

Date March 16, 2010 Signature /s/ Kevin Lynch
Kevin Lynch, Debtor

Date March 16, 2010 Signature /s/ Denise Casey Lynch
Denise Casey Lynch, Joint Debtor

 By: _/s/ Joshua N. Bleichman
Joshua N. Bleichman, Attorney for the Debtors

<u>**List of Exhibits for Disclosure Statement**</u>

Exhibit A -Appraisal of 85 Sterling Road

Exhibit B- Appraisal of 145 West Main Street

Exhibit C- Yearly Rent Roll

Exhibit -D- Letter from Kevin Lynch

Exhibit E – Assets and Liabilities

Exhibit F – Liquidation Analysis

Exhibit G – Schedule G

Exhibit H-Operating reports for the period 1/1/2010-1/31/2010

Exhibit I – Order disallowing claim of the IRS

## Exhibits are available upon request

**For a copy of the exhibits, please contact**

**Joshua N. Bleichman**
**268 Route 59 West**
**Spring Valley, NY 12568**

<u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK
COUNTY OF ROCKLAND

    I, Joshua N. Bleichman, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the within  Plan and Disclosure Statement on March 16, 2010,  by depositing a true copy thereof by ECF or in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

Fein, Such & Crane, LLP
Attn: Tammy Terrell
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

Martin Mooney
Attorney for GMAC
8 Thurlow Terrace
Albany, NY 12203

Peter G. Vigue
c/o TD Bank North
1701 Route 70 East
Cherry Hill , NJ 08034

 Albert Buonamici
c/o JP Morgan Chase
222 Bloomingdale Rd
Suite 201
White Plains, NY 10605

Andrew Helfand
c/o Wachovia Bank
60 East 42nd St Suite 1048
New York, NY 10901

GE Consumer Finance
PO Box 960061
Orlando, FL 32896

RBS Citizens NA Charter
One Bank NA
10561 Telegraph Rd
Glen Allen, VA 23059

Cach, LLC
4340 Monaco St 2nd Floor
Denver, CO 80237

Internal Revenue Service
Insolvency Section
PO Box 21126
Philadelphia, PA 19114

Specialzied Loan
Servicing, LLC
8742 Lucent Blvd Suite
300
Highlands Ranch, CO
80129

First Equity Card
PO Box 740933
Dallas, TX 75374

Chase Bank USA
2001 Western Ave Ste 400
Seattle WA 98121

MLD Mortgage Inc
2270 Lakeside Blvd
Mail Stop RLS-4

Richardson, TX 75082

Wachovia Dealer Services
PO Box 19657
Irvine, CA 92623

Bank of America
1000 Samoset Dr
DE-5 023-03-03
Newark, DE 17913

Recovery Management
Systems Corp
25 SE 2nd Ave Ste 1120
Miami, FL 33131

Citibank
PO Box 6305
The Lakes, NV 88901

Beverly Maulfair
Greenwood Lake Home
Center
PO Box 14
Greenwood Lake, NY
10925

RBS Citizens
Key Center at Fountain
Plaza Ste 1230
Buffalo, NY 14202

United States Trustee

   /s/    Joshua N. Bleichman
Joshua N. Bleichman
268 Route 59 West
Spring Valley, NY 10977
845-425-2510